FILED
SUPERIOR COURT
OF GUAM

2014 OCT -6 PM 3: 05

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT
## OF GUAM

| | |
|---|---|
| JAMES JI and NARCISA SAN AGUSTIN, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>VERONICA T. GARRIDO and DOES 1-10, )<br>)<br>Defendants. )<br>)<br>)<br>) | Civil Case no. CV1007-09<br><br>**FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW** |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo for bench trial on June 16, 2014. Plaintiffs James Ji (hereafter Ji) and Narcisa San Agustin (hereafter San Agustin), appeared and were represented by their attorneys, Peter Perez and Edward Han. Defendant, Veronica Garrido Patao appeared with her attorney, Vincent Leon Guerrero. At the end of the trial the Parties were ordered to submit their proposed findings of fact and conclusion of law. Having observed and considered the testimony of the Parties and the evidence presented, the Court hereby makes the following findings of fact and conclusions of law:[1]

---

[1] To the extent that a finding of fact should be deemed a conclusion of law or a conclusion of law deemed a finding fact, it shall so be considered.

## FINDINGS OF FACT

1. This action concerns the property described as:

   Lot 5044, Tamuning (formerly Dededo), Guam, Estate Number 3335, Suburban, as described by metes and bounds in that Agana Volume 22, Page No. 659 at the Department of Land Management;

2. It is alleged that David Borja (hereafter Borja) acquired a 1/4 interest to the property described in paragraph one (1) above (hereafter the property) pursuant to a quitclaim deed with reservation of life estate from Gregorio L.G. Techaira to Veronica T. Garrido, Hubert Garrido, Roque Garrido and David Junior Borja, as tenants in common;

3. Borja was incarcerated from 2005 to March 2008;

4. While Borja was incarcerated, Defendant forged a general power of attorney from Borja to her and recorded it at the Guam Department of Land Management on December 26, 2006;

5. Additionally Defendant forged two deeds of gift conveying Borja's interest in the property to herself; She recorded the deeds on January 23, 2007 and December 10, 2007 respectively at the Guam Department of Land Management; Defendant was arrested and charged with the alleged forgery;

6. Subsequent to Borja's release from incarceration, Defendant and Borja discussed a plan to remedy her forgeries; the plan included a May 14, 2008 temporary transfer and April 10, 2009 recording of a hand written deed, conveying Borja's interest in the property and Borja's unlikely permanent receipt of $7,000.00 from Defendant; it is evident from a review of the deed as well as the inconsistent testimony of the involved parties that the deed was, subsequent to signing and prior to recording, inappropriately altered;

7. Additionally and as part of the above plan, Borja signed an affidavit referencing the May

14, 2008 deed; the affidavit was recorded on May 14, 2008;

8. On September 3, 2009, Defendant obtained a permanent injunction against Borja; the injunction arose out of allegation that Borja was threatening Defendant for wrongfully acquiring his interest in the property;

9. On May 16, 2011, Defendant entered a plea of guilty to the charge of theft of property, a charge that arose out of allegations of the above forgeries;

10. During the relevant time periods at issue, San Agustin was employed by Plaintiff Ji as the secretary for various companies; one of these entities was the James Ji foundation, a non-profit organization whose purposes include helping people who are probationers and parolees by providing them, without cost: employment, housing and food;

11. San Agustin met Borja around January of 2008, while Borja was incarcerated;

12. As an employee for Ji, San Agustin helped Borja by acting as a reference before the parole board and in finding housing and employment after Borja's release; the majority of these services were offered to Borja through the James Ji Foundation;

13. In April of 2008, Borja, as an expression of gratitude for the assistance provided to him, he indicated to San Agustin that he wanted to deed Plaintiffs his interest in the property;

14. In response San Agustin coordinated a May 2008 meeting where she, Borja and Ji discussed the transfer and joint development of the property, as source of future income for Borja, San Agustin and Ji;

15. Pursuant to and in reliance upon the above agreement set forth in paragraph fourteen (14) above, the three agreed that Borja would transfer 37.5% of his property interest to San Agustin and 37.5% to Ji. In return Ji agreed to develop the property and continue to provide Borja with food, housing and employment;

16. On June 23, 2008, Borja executed a deed conveying 37.5% of his interest in the property to San Agustin and 37.5% to Ji;

17. This deed was duly recorded on June 24, 2008;

18. In July of 2008, San Agustin received a title report that listed two prior 2007 deeds of gift of the property from Borja to Defendant; Borja told San Agustin and Ji that the deeds were forged without his permission or knowledge during his incarceration; He also told them that in May of 2008, in exchange for a payment of $7,000.00, he had executed a deed temporarily conveying the property to Defendant for thirty (30) days to help Defendant clear her name of her forgeries and theft;

19. On March 26, 2009, San Agustin, Ji and Borja submitted an application to re-zone the property from commercial to light industrial;

20. For a specifically unidentified, though reasonably significant amount of time, San Agustin and Ji provided Borja with, food, housing and employment;

21. In furtherance of the agreement to develop the property Ji has incurred substantial costs and attorney fees to clear title.

## CONCLUSIONS OF LAW

1. During and prior to the agreement to receive an interest in the property from Borja, San Agustin and Ji had no prior knowledge or actual notice of any other valid conveyance of the same; 1 GCA § 718 (2013); *Taitague v. First Island Industry Inc.*, No. 88-00047A, 1990 WL 320752, at *2-3 (D. Guam App. Div. 1990); *City of Los Angeles v.Morgan*, 104 Cal. App. 2d. 726, 733 (1951)(invalid documents are void *ab intio*).

2. Through their agreeing to develop the property, actions taken to rezone it, continued good faith efforts to clear title to the property, and minimal provision of support and living

assistance, San Agustin and Ji provided sufficient consideration to support the agreement to deed them an undivided 75% interest in any interest Borja has acquired in the property; *Mobil Oil Guam, Inc. v. Tendido*, 2004 Guam 7 ¶ 34; *Tedtaotao v. One-Eighth Undivided Interest in Lot 98*, 1996 WL 879472 at *5-6 (D. Guam 1996) citing, *Meyer v. Benko*, 55 Cal.App.3d 937, 127 Cal.Rptr. 846, 850 (Cal.Ct.App.1976)(rather, the test is not whether the [seller] received the highest price obtainable for his property, but whether the price he received is fair and reasonable under the circumstances.)(citations omitted).

3. Against all named and adequately noticed Parties to this action, specifically Defendant, there being no proof of proper publication and service upon any other interested party, Plaintiffs, as valid purchasers and or otherwise legitimate *bona fide* purchasers, are entitled to an undivided 75% interest in Borja's interest in the property; *Taitague v. First Island Industry Inc.*, 1990 WL 320752, at *2-3.

4. The Court holds that the May 14, 2008 land agreement, to temporarily transfer of Borja's interest in the property to the Defendant, is void for illegality; it being part of an inappropriate and illegal scheme to lessen or weaken the evidence of the Defendant's criminal acts; *Sorensen Television Systems, Inc. v. Superior Court of Guam*, 2006 WL 3826971, 2006 Guam 21 ¶ 7; citing, *In re Loretto Winery Ltd.*, 898 F.2d 715, 723 (9th Cir.1990) (stating that "[c]ontracts for transactions that violate the law are illegal and void under California law....")(citations omitted).

5. Moreover, based upon the Court's recognition and observation of Borja's inability to credibly recall, how, if any, all of the monies were spent, the inconsistencies in his and Defendant's testimony, including evidence of significant animosity between Borja and Defendant, the Court finds that no consideration was provided to support any agreement to

deed Borja's interest in the property; *Mobil Oil Guam, Inc. v. Tendido*, 2004 Guam 7 ¶ 34; *Tedtaotao v. One-Eighth Undivided Interest in Lot 98*, 1996 WL 879472 at *5-6 (D. Guam 1996) citing, *Meyer v. Benko*, 55 Cal.App.3d 937, 127 Cal.Rptr. 846, 850 (Cal.Ct.App.1976)(rather, the test is not whether the [seller] received the highest price obtainable for his property, but whether the price he received is fair and reasonable under the circumstances.)(citations omitted).

6. Defendant has no cognizable right in any interest Borja has acquired in the property; *Taitague v. First Island Industry Inc.*, 1990 WL 320752, at *2-3.

7. Defendant committed the tort of slander of title by inappropriately recording the forged and illegal deeds and papers referenced above; these recordings have caused Plaintiffs the direct and immediate harm being precluded from developing the property and being required to litigate their clear title herein; 21 G.C.A. § 39110 (2013).

8. There was insufficient evidence to support a finding or conclusion that Defendant acted with malice. H .A. Wood, Annotation, *Malice as Element of Action for Slander of Title*, 129 A.L.R. 179 (The required element of malice may take the form either of express malice which "imports a desire or intention to injure," or of implied malice, which means a wrongful act, done intentionally, without just cause or excuse)(citations omitted).

//

//

IT IS HEREBY ORDERED:

1. Judgment shall enter accordingly;

2. Within twenty (20) days Plaintiffs shall prepare and serve upon Defendant a proposed judgment;

3. Upon service of the proposed judgment Defendant shall have 7 days to file any objection as to the form or content of the proposed judgment;

4. The Judgment shall:

   a) Quite title as to the Defendant to Plaintiffs' undivided 75% interest of Borja's interest in the property; and

   b) Require Defendant to pay the reasonable cost of Plaintiff's costs and attorney fees.

SO ORDERED, this _____6 th_____ day of _____October_____, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: E. Han; Peter C Perez; Vince L. G.

Date: 10/6/14  Time: 330 p

Deputy Clerk, Superior Court of Guam